UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN LEE LANG,

Plaintiff,

v.

HEIDI WASHINGTON et al.,

Defendants.

Case No. 1:25-cv-603

Honorable Maarten Vermaat

**OPINION**

This is a civil rights action brought by state prisoners Damien Lee Lang and Willie Washington under 42 U.S.C. § 1983. The Court previously granted Plaintiffs leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff Lang has consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (Am. Compl., ECF No. 15, PageID.83.)

## I. Plaintiff's Amended Complaint

By order entered July 24, 2026, the Court ordered the claims of co-Plaintiff Willie Washington to be severed into a separate suit. The Court directed the Clerk to send to Plaintiff Lang a copy of the form complaint so that he could file an amended complaint including only Plaintiff Lang's claims and not those of Plaintiff Washington. The Court advised Plaintiff Lang and Plaintiff Washington:

> To ensure that each case goes forward with the claims of only one plaintiff, Plaintiffs each shall file an amended complaint containing only the allegations relevant to that Plaintiff's claims for relief within 28 days. The Court will direct the Clerk to send the Court's approved form complaint to Plaintiffs. Each Plaintiff who intends to proceed with his respective action must carefully fill out the form and

> submit it to the Court. Failure to timely file an amended complaint on the approved Court form may result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

(Order, ECF No. 14, PageID.79.) "If a plaintiff amends [his] complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case'" *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (quoting 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1476, pp. 636–637 (3d ed. 2010)).

Plaintiff Lang timely filed an amended complaint on the approved form, but he did not otherwise follow the Court's direction to carefully fill out the approved form. The form complaint required Plaintiff to identify the parties; he did not. It also instructed Plaintiff to "[s]tate . . . the facts of your case[; d]escribe how each defendant is personally involved[; i]nclude also the names of other persons involved, dates and places. Plaintiff did not. Instead, He completed the caption, identifying himself as the Plaintiff and "Heidi Washington et al." as the Defendants, checked the "No" box in response to the question whether he had ever filed a lawsuit as a prisoner before, and requested the following relief: "To grant plaintiff a monetary sum of 10,000$ U.S. dollars." (Am. Compl., ECF No. 15, PageID.82–83.) "If a plaintiff amends [his] complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case'" *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (quoting 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1476, pp. 636–637 (3d ed. 2010)).

## II. Preliminary Review Under the Prison Litigation Reform Act (PLRA)

Plaintiff's amended complaint is presently before the Court for preliminary review under the PLRA, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*,

114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under

the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim on which relief may be granted.

## III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

elements of a cause of action, supported by mere conclusory statements, do not suffice.”). The court must determine whether the complaint contains “enough facts to state a claim to relief that is plausible on its face.” *Twombly*, 550 U.S. at 570. “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a “‘probability requirement,’ . . . it asks for more than a sheer possibility that a defendant has acted unlawfully.” *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

Plaintiff makes no factual allegations at all against Defendant. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit “has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.” *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg’l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan,* 41 F. App’x 762, 764 (6th Cir. 2002) (dismissing the plaintiff’s claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn*., 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) (“Plaintiff’s claims against

those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.”).

Plaintiff’s allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring “a short and plain statement of the claim showing that the pleader is entitled to relief”). It would be impossible for a defendant to understand the grounds upon which Plaintiff’s claims rest based upon Plaintiff’s complaint. Despite the Court’s specific instructions to carefully fill out the form complaint—a form that instructs the prisoner to provide facts—Plaintiff provides nothing. Accordingly, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted and his amended complaint is properly dismissed without prejudice.

**Conclusion**

The Court will enter a judgment dismissing Plaintiff’s amended complaint without prejudice.

Dated: August 31, 2026

/s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge